By The Chancellor.*
The order of dismissal was improperly made, and must beset aside, except so far as respects the claim of the complainant: as to him it must stand. The legatees who are defendants, are entitled to the benefit of the interlocutory decree, and the master's report thereon; and are at liberty to file a supplemental bill, to obtain the benefit of the said decree, without prejudice from the order of dismissal. But they cannot be permitted to proceed in this suit, in the name of the complainant.
The following order was thereupon made.
. “ Upon opening the matter to the court this day, it appearing to the court that the bill was filed by the complainant in this cause, to recover a legacy of nine thousand dollars of the executors of Robert Taylor, which was bequeathed by the testator to one Robert Huey, or Taylor, son of Martha Huey, in trust, to be divided among the nearest descendants of the testator’s deceased sisters, in such proportions and to such persons, as in his judgment he might think most needy, prudent and meritorious; and that in the term of January, in the year of our Lord one thousand eight hundred and twenty-nine, an interlocutory decree was made in this cause, whereby it was ordered, adjudged and decreed, that the legacy so as aforesaid given by the said testator, to the said Robert Huey or Taylor, in trust as aforesaid, did not lapse by the death of the said Robert Huey in the lifetime of the testator, but that the same was a trust in the said Robert Huey for the benefit of the nearest descendants of *169 the deceased sisters of the said testator, to wit, Margaret, Elizabeth, Jane, Mary and Ann, and ought to be performed and carried into execution accordingly; and that the nearest descendants of the said deceased sisters of the said testator, are entitled to have and receive of and from the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Eobert Taylor, the said sum of nine thousand dollars, mentioned in the codicil to the will of the said Eobert Taylor, deceased, together with the lawful interest thereon from one year after the death of the said testator; and it was referred to Charles Ewing, esquire, one of the masters of this court, to ascertain who were the nearest descendants of the said deceased sisters, at the date of the said decree, and their names respectively, and the several proportions of said legacy to which they were respectively entitled, to the end that such further decree should be made thereon as the said chancellor might think equitable and just: and that in pursuance of said nterlocutory decree, the said master made his report, bearing date on the second day of April, in the year of our Lord one thousand eight hundred and twenty-nine, thereby ascertaining the nearest descendants of the said five sisters of the testator and the amount of the said legacy: and it further appearing, that although Garret D. Wall appeared as the counsel of the descendants of four of the sisters, and argued the cause on the interlocutory decree, that without notice to him, the said complainant, in the term of January, eighteen hundred and thirty-one, dismissed the said bill; and it further appearing, that in the term of January, eighteen hundred and thirty-four, an order was made in this cause, that a notice to vacate the said order for dismissal for the reasons therein stated, should stand over to the next term, and that the same was continued from term to term to the last term, at which term, to wit, in the term of October, one thousand eight hundred and forty-one, the said motion came on to be argued in hhe presence or Garret D.Wall, of counsel with the descendants of Elizabeth, Jane, Mary and Ann, four of the sisters of the testator, and of William Halsted, of counsel with the complain. *170 ant, and of Isaac H. Williamson, solicitor and of counsel witl the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Robert Taylor, deceased; and the saic chancellor having taken time to advise thereon until this day and now on this twentieth day of January, in the year of oui Lord one thousand eight hundred and forty-two, it is ordered and adjudged by his excellency, William Pennington, governor and chancellor of the state of New-Jersey, and the said chancellor by virtue of the power and authority of this court, doth order, adjudge and decree, that the said order of dismissal as aforesaid, made in the term of January, eighteen hundred and thirty-one, be vacated and set aside and entirely held for nothing, except so far forth as respects the claim of the said complainant against the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Robert Tay lor; and that notwithstanding such dismissal, the said interlocutory decree and report of master, stand good and effectual; .so far as respects the nearest descendants of the said Elizabeth, Jane, Mary r.-iid Ann, the sisters of the said testator; and that they, or any of them, be at liberty to file a supplemental bill, or an original bill in the nature of a supplemental bill, as they may be advised, to obtain the benefit of and carry into effect the said decree, without prejudice from the said; order of dismissal; and that the said interlocutory decree and-master’s report do stand in full force and strength so far as respects the rights of the said descend ants of the said Elizabeth, Jane, Mary and Ann, four of the sisters of the said testator, Robert Taylor, deceased, and that any proceedings by them had on the said decree, be at their own expense and costs, and without any liability of the said complainant there for.”
Cited in Brinkerhoof v. Franklin, 6 C. E. Gr. 336.

No -written opinion was delivered.